CITY OF NEW YORK v. WARREN–SCHARF ASPHALT PAVING CO. et al.

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

Appeal from Trial Term, New York County.

Action by the City of New York against the Warren-Scharf Asphalt Paving Company and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Terence Farley, for appellant.
L. Laflin Kellogg, for respondents.

DOWLING, J. Judgment and order appealed from affirmed, with costs to respondent on opinion in Asphalt Paving & Contracting Company v. City of New York, 134 N. Y. Supp. 433, (action No. 2).

INGRAHAM, P. J., and McLAUGHLIN and MILLER, JJ., concur.

LAUGHLIN, J. (dissenting). This action is brought to recover the cost of repairing asphalt pavement laid in certain public streets by the defendant Warren-Scharf Asphalt Paving Company pursuant to a contract with the city, by which the said company became obligated, on notice in writing served on it or on its agent in .charge of the work, to make all necessary repairs for the period of 15 years. The other defendants are the sureties for the performance of the contract. The notices are in the same form as the notice quoted in the prevailing opinion in Asphalt Paving & Contracting Company v. City of New York, 134 N. Y. Supp. 433, known as action No. 2, the appeal in which was argued and is to be decided herewith. The allegations of the complaint with respect to the service of the notices are to the effect that the defendants, and each of them, were duly notified to make the repairs, and they were served in the month of June, 1908, on James L. Brusstar, who was the district manager for the Barber Asphalt Paving Company, to whom notices to make repairs under the contract had been given since January 1, 1905, when he succeeded one William C. Root, who had been the district manager for the Barber Asphalt Paving Company from December, 1902, until April, 1904, and to whom during that period all notices requiring repairs had been given. The laying of the pavements was completed on the 9th day of September, 1894. Thereafter the contractor ceased to do business, and, as stated in the opinion to which reference has been made, was subsequently formally dissolved; but, under the statutes under which the dissolution took place, it continued in existence for purposes of liquidation. When the contractor ceased to do business, its accredited representative, through whom it had theretofore transacted business in New York, notified the proper officer of the city that the Barber Asphalt Company would, in the future, do the work of repairing the streets under its contracts. Root, while district manager of the Barber Asphalt Paving Company, was also vice president and superintendent of the contractor, and he testified that he was also the New York director of the contractor during that time and until its dissolution. It appears that, when repairs to the pavements laid by the contractor were required to be made, the practice was for the city's representatives to give verbal or written notice to the office of the Barber Asphalt Paving Company, and that in many instances such notices were given over the telephone. The verbal notices were delivered to Root and to his successor, Brusstar, or to one Moller, who was superintendent of the repair department of the Barber Asphalt Paving Company. With respect to the notices by letter, it ap-

pears by the testimony of Brusstar that he received letters addressed to the contractor, and that he opened them, and that if the letters required repairs under the contract, he directed the work to be done, and it was done by the Barber Asphalt Paving Company.

It appears from the opinion of the trial court, expressed on dismissing the complaint, that the dismissal was upon the ground that the notices were addressed to the Barber Asphalt Paving Company, instead of to the contractor. I am of opinion that the judgment cannot be sustained on that theory. The contract contained no provision requiring that the notices should be addressed to the contractor, or that they should be addressed at all. It merely required a notice in writing specifying the repairs needed, and it expressly provided that the notice might be left with the contractor's agent in charge of the work. It is quite clear, I think, that the notices were left with the agent of the contractor, as authorized by the contract, for they were left with Brusstar, who was district manager of the Barber Asphalt Paving Company, and who also, according to his testimony, represented the original contractor in the transmission of notices from the city, whether given verbally or in writing, concerning repairs required to be made, and, after the transmission of the notices, in carrying out its directions with respect to having the repairs made. Both Brusstar and the Barber Asphalt Paving Company, which he represented, knew perfectly well that if the Barber Asphalt Paving Company was not the assignee of the original contractor, as the city had been led to believe, these notices were intended, as were all other notices which had been acted upon, for the original contractor, and in these circumstances notice to the agent is notice to the principal who is chargeable with the knowledge obtained by his agent. The Distilled Spirits, 11 Wall. 356, 357, 20 L. Ed. 167; North River Bank v. Aymar, 3 Hill, 262; McCabe v. Farm Building F. Ins. Co., 14 Hun, 602; Fulton Bank v. N. Y. & Sharon Canal Co., 4 Paige, 127.

The evidence does not show that the Barber Asphalt Paving Company was the assignee of the original contractor, although facts were shown which led the representatives of the city to believe that such was the case, and that accounts for the statement to that effect in the notices. It must be assumed, therefore, on this record, that the only connection of the Barber Asphalt Paving Company with the original contractor was as agent for it. The *essential* part of the notices was the *description* of the work required to be done; and in that respect their sufficiency is not questioned. When the notices were received, the Barber Asphalt Paving Company and its district manager knew perfectly well that they related to work required to be done by the contractor, and on the theory that the Barber Asphalt Paving Company had not succeeded to the obligations of the original contractor as its assignee, Brusstar and the Barber Asphalt Paving Company likewise knew that the notices were served on the latter company as the agent of the contractor, and that the city was calling upon whoever was responsible to perform the obligations of the contractor. The evidence satisfactorily shows that the Barber Asphalt Paving Company was the agent of the original contractor and

that its agency was never terminated. I am of opinion, therefore, that neither the fact that the notices were addressed to the Barber Asphalt Paving Company, nor that they erroneously recited that the Barber Asphalt Paving Company was the assignee or successor in interest of the contractor, rendered them invalid as notices to the contractor.

I am therefore of opinion that the court erred in dismissing the complaint, and that the judgment should be reversed.